**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CAROL MAZZARIOL, individually and
on behalf of all others similarly situated,

      Plaintiff,

**Case No. 19-cv-10015-KMM**

v.

**CLASS ACTION**

MEDSPA DEL MAR, LLC, a Florida
limited liability company,

**JURY TRIAL DEMAND**

      Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Carol Mazzariol, by and through her undersigned counsel, hereby files this Response in Opposition to Defendant MedSpa Del Mar, LLC's ("MedSpa" or "Defendant") Motion to Dismiss Complaint [ECF No. 13] (the "Motion"), and, in support thereof, states as follows:

**I.      INTRODUCTION**

In moving to dismiss Plaintiff's Class Action Complaint [ECF No. 1], Defendant does not deny that it caused thousands of text messages to be sent to the cellular telephones of Plaintiff and members of the putative Class. Instead, Defendant contends that Plaintiff failed to adequately allege the use of an automatic telephone dialing system ("ATDS") to transmit the text messages at issue. Defendant, however, fatally assumes a pleading standard that the Court is not required to use at this stage of the proceedings. *See Whitehead v. Ocwen Loan Servicing*, 2018 U.S. Dist. LEXIS 182386, *10-11 (M.D. Fla. Oct. 24, 2018) ("Plaintiff alleges that Defendant called her using an ATDS which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator . . . This is sufficient at this stage. There is no way for

Plaintiff to know the technological capabilities of the device(s) used to place the calls at issue in this case short of Plaintiff learning that information in discovery."); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash. 2012) (quoting *Knutson v. Reply!, Inc.*, No. 10-cv-1267, 2011 U.S. Dist. LEXIS 156409, 2011 WL 1447756, at *1 (S.D. Cal. Apr. 13, 2011)) ("[C]ourts have noted 'the difficulty a plaintiff faces in knowing the type of calling system used without the benefit of discovery' and found that courts can rely on details about the call to infer the use of an ATDS.").

Here, Plaintiff sufficiently alleged that the text messaging platform utilized by Defendant is considered an ATDS under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Plaintiff's allegations show that the equipment used by Defendant falls within the definition of an ATDS under the language of the statute or, alternatively, under the Federal Communications Commission's (the "FCC") 2003 and 2008 Orders. Plaintiff has met his burden at this stage of the proceedings and should be permitted to proceed with discovery.

Here, o or about December 5, 2018, Defendant sent the following unsolicited telemarketing text messages to Plaintiff's cellular telephone offering various discounts and "flash sales" for its products:



To be clear, Plaintiff alleged that Defendant knowingly caused an unsolicited marketing text message to be sent to him and members of the putative class. *See* Compl. ¶¶ 54-58. These allegations are more than sufficient at the pleading stage. Accordingly, Defendant's Motion must be denied in its entirety.

## II. ARGUMENT

### A. Legal Standard

"A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case." *Spector v. Generac Power Sys., Inc.*, 2010 WL 11444279, at *1 (S.D. Fla. 2010). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "When reviewing a motion to dismiss, a court must construe the complaint in light most favorable to the plaintiff and take the factual allegations therein as true." *Prisua Eng'g Corp. v. Samsung Elecs. Co., Ltd.*, No. 16-cv- 21761-KMM, 2017 WL 1041571, at *3 (S.D. Fla. Mar. 9, 2017). In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Accordingly, a court may dismiss a complaint only "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Id*.

### B. Plaintiff sufficiently alleged the use of an ATDS.

Defendant's argument with respect to whether an ATDS has been sufficiently pled is unpersuasive and asks this Court to impermissibly adopt an unattainable, self-serving pleading standard. A plaintiff bringing a claim under the TCPA can sufficiently allege the use of an ATDS by relying on indirect allegations and identifying the "circumstances surrounding the [calls]" that "create a plausible inference of autodialing," including: "their commercial, impersonal content;"

3

that the identical calls were sent to multiple recipients; that they were sent without the recipients' consent; and that they were sent from a telephone number likely not associated with a cellular telephone. *Getz v. DIRECTV, LLC*, No. 18-cv-22802, 2019 U.S. Dist. LEXIS 29772, at *16 (S.D. Fla. Feb. 20, 2019) (holding that, given allegations similar to those in the instant action, "which suggested] that the Text Message was sent to a mass audience by an autodial function, the undersigned [found] that, for purposes of the Motion to Dismiss, Plaintiff has sufficiently alleged a claim under the TCPA"); *see also Keim v. ADF Midatlantic, Ltd. Liab. Co.*, No. 12-cv-80577, 2015 U.S. Dist. LEXIS 159070, at *12 (S.D. Fla. Nov. 9, 2015) ("Together, these allegations are more than sufficient to plead the autodialer element of Keim's TCPA claim."); *Scott v. 360 Mortg. Grp., LLC*, No. 17-cv-61055, 2017 U.S. Dist. LEXIS 207513, at *17 (S.D. Fla. Dec. 14, 2017) ("'Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more.'"); *Cummings v. Rushmore Loan Mgmt. Serv.*, No. 17-cv-1652, 2017 U.S. Dist. LEXIS 177619 (M.D. Fla. Oct. 26, 2017) ("[W]ell-pled allegations of an ATDS rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages to raise an inference that an ATDS was used.").

Here, to support his contention that Defendant used an ATDS to transmit the violative messages, Plaintiff makes specific allegations, including: (1) the impersonal and generic text messages, a hallmark of automated messages; and (2) the use of a "long code" to transmit the messages, which permits Defendant to transmit mass text messages while deceiving consumers into believing that the messages were personalized and sent by a human. *See* Compl. at ¶¶ 30-34.

4

Such "assertions, combined with the generic, impersonal nature of the text message advertisements and the use of a short code, support an inference that the text messages were sent using an ATDS." *See Jenkins v. LL Atlanta, LLC*, No. 14-cv-2791-WSD, 2016 U.S. Dist. LEXIS 30051, at *11 (N.D. Ga. Mar. 9, 2016) (citing *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1354 (S.D. Fla. 2014) (plaintiff alleged facts sufficient to infer text messages were sent using ATDS; use of a short code and volume of mass messaging alleged would be impractical without use of an ATDS)); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010) (finding it "plausible" that defendants used an ATDS where messages were advertisements written in an impersonal manner and sent from short code); *Hickey v. Voxernet LLC*, 887 F. Supp. 2d 1125, 1130; *Robbins v. Coca-Cola Co.*, No. 13-cv-132, 2013 U.S. Dist. LEXIS 72725, 2013 WL 2252646, at *3 (S.D. Cal. May 22, 2013) (observing that mass messaging would be impracticable without use of an ATDS)). Thus, Plaintiff's factual allegations sufficiently allege the use of an ATDS under the statutory definition and the FCC's 2003 ruling (the "2003 Order") which found that predictive dialers are an ATDS. *See In re Rules & Regs. Implementing the Tele. Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 132 (2003).

Under the 2003 TCPA Order, "equipment [] qualif[ies] as an ATDS if it can dial numbers automatically, for example by calling or sending text messages to numbers in a pre-programmed list, irrespective of the presence of a random or sequential number generator." *Legg v. Voice Media Grp., Inc.*, 20 F. Supp. 3d 1370, 1375 (S.D. Fla. 2014) (citing *Lardner v. Diversified Consultants, Inc.*, No. 13-cv-22751, 17 F. Supp. 3d 1215, 2014 U.S. Dist. LEXIS 64205 at *15-16 (S.D. Fla. Apr. 30, 2014) (citing 2003 FCC Order to determine that "systems that automatically dial cell phone numbers from a preprogrammed list" fall within ATDS definition)); *Fields v. Mobile Messengers Am., Inc.*, No. 1205160, 2013 U.S. Dist. LEXIS 180227 at *9-12 (N.D. Cal. Dec. 23, 2013) (citing 2003 FCC Order

and finding that evidence of text messages sent without human intervention was sufficient to preclude summary judgment on whether ATDS was used); *Hickey v. Voxernet, LLC*, 887 F. Supp. 2d 1125, 1129-30 (W.D. Wash. 2012) (citing 2003 FCC Order to find that plaintiff sufficiently pled use of ATDS where he alleged facts suggesting automated transmission of text messages); *Rivas v. Receivables Performance Mgmt., LLC*, No. 08-cv-61312, 2009 U.S. Dist. LEXIS 129378 at *12-13 (S.D. Fla. Sept. 1, 2009) (plaintiff created issue of fact on use of ATDS precluding summary judgment where evidence suggested "computer device that dialed Plaintiff's number without human intervention")). Therefore, Plaintiff's allegation—that the email to SMS equipment used by Defendant has the capacity to dial telephone numbers from a list of numbers automatically – is sufficient to plausibly allege the use of an ATDS as defined by the FCC's 2003 Order.

Additionally, this Court can also rely on the plain language of the statute which, as the Ninth Circuit recently held in *Marks*, defines an ATDS to include equipment that "stores numbers and dials them automatically to send text messages to a stored list of phone numbers as part of scheduled campaigns." *Marks v. Crunch San Diego, LLC*, No. 14-56834, 2018 U.S. App. LEXIS 26883, at *27 (9th Cir. Sep. 20, 2018). Plaintiff's allegations meet the interpretation of the statute as defined by *Marks* court. Plaintiff alleges that the system utilized by defendant to send the text messages at issue can store and dial numbers "using a random or sequential generator" and can "dial such numbers without human intervention." Compl., ¶ 34.

In other words, Plaintiff alleges that the system used to transmit thousands of text messages to Plaintiff and members of the putative class is capable of storing numbers from a list and dialing those numbers to automatically to send text messages. *See Marks*, 2018 U.S. App. LEXIS 26883, at *27 (9th Cir. Sep. 20, 2018). In any event, Plaintiff properly pled a cause of action under the plain statutory definition of an ATDS.

### C. Defendant's Inquiry into Class Allegations is Premature.

In a final attempt to dismiss Plaintiff's complaint Defendant ignores the overwhelming mountain of case law that holds that an attempt to dismiss class allegations at this stage is premature. *Herrera v. JFK Med. Ctr., Ltd. P'ship*, 648 F. App'x 930, 936 (11th Cir. 2016) ("We hold [] that the district court should have allowed limited discovery instead of striking the class allegations based solely on the face of the complaint."); *Runton v. Brookdale Senior Living, Inc*., No. 17-cv-60664-CMA (S.D. Fla. June 1, 2017) ("Plaintiff need not respond to Defendant's arguments concerning the striking of class action allegations. The Court will not be striking those allegations as futile at this time, before Plaintiff has had the opportunity to engage in discovery and determine whether, for example, her class definition should be amended or class certification even be requested.").

It is therefore abundantly clear that such assertions in Defendant's Motion are premature. *Lankford v. Carnival Corp*., No. 12-cv-24408, 2013 U.S. Dist. LEXIS 195672, at *18 (S.D. Fla. June 18, 2013) ("At this early stage in the litigation, taking the factual allegations in the Amended Complaint as true, the Court finds a ruling on the merits of the putative class premature. … Because the Court finds a ruling on class certification premature, the Court does not further address the appropriateness of class treatment at this time.); *Tickling Keys, Inc. v. Transamerica Fin. Advisors, Inc*., No. 17-cv-1734, 2018 U.S. Dist. LEXIS 79578, at *6 (M.D. Fla. Apr. 3, 2018) ("Defendant also urges the Court to dismiss Plaintiff's 'class allegations' under Rule 12(b)(6) because they fail to support a putative class action. Such an argument is premature."); *Feldman v. BRP United States, Inc*., No. 17-cv-61150-WPD, 2018 U.S. Dist. LEXIS 53298, at *29 (S.D. Fla. Mar. 28, 2018) ("Defendant's arguments for dismissal of the class allegations are better suited to an opposition for a motion for class certification"); *Fosbrink v. Area Wide Protective, Inc.*, No. 17-

cv-1154, 2017 U.S. Dist. LEXIS 134932, at *4 (M.D. Fla. Aug. 23, 2017) ("Here, Defendant's request to deny certification of the proposed classes is premature."); *Desmond v. CitiMortgage, Inc.*, No. 12-cv-23088, 2015 U.S. Dist. LEXIS 22850, at *5-6 (S.D. Fla. Feb. 24, 2015) ("The Court declines to make a class certification determination without the filing of a formal motion for class certification."); *Abdallah v. Coca-Cola Co.*, 1999 WL 527835, at *1 (N.D. Ga. July 16, 1999) (denying motion to strike class allegations, holding "the shape and form of a class action evolves only through the process of discovery, and it is premature to draw such a conclusion before the claim has taken form"); *Abella v. Student Aid Ctr., Inc.*, 2015 WL 6599747, at *3 (E.D. Pa. Oct. 30, 2015) (denying motion to strike class allegations in TCPA action, holding "a plaintiff may generally conduct discovery relevant to the Rule 23 class certification requirements").

Defendant contends that purported individualized consent issues and an alleged inability to identify members of the class should result in the dismissal of Plaintiff's class allegations. However, Defendant tellingly does not present any evidence, or even an affidavit to support his bald assertions. To this end, Plaintiff is entitled to conduct discovery in order to determine the very questions Defendant is somehow answering in conclusory fashion here. Indeed, Defendant only submitted legal opinions from the class certification stage that were decided on factually developed records. *See Gannon v. Network Tel. Servs. Inc.*, 2013 WL 2450199, at *2; *Vigus v. S. Ill. Riverboat/Casino Cruises, Inc.,* 274 F.R.D. 229, 235-36 (S.D. Ill. 2011); *Gene & Gene LLC v. BioPay LLC*, 541 F.3d 318, 329 (5th Cir. 2008). Thus, under the bevy of legal authority contrary to Defendant's hollow position, Defendant's arguments regarding Plaintiff's class allegations are unpersuasive and premature.

### III. CONCLUSION

Accordingly, for the foregoing reasons, Plaintiff respectfully requests that the Court enter an order denying Defendant's Motion in its entirety.

Dated: April 12, 2019		Respectfully submitted,

		By:	 */s/ Jordan D. Utanski*
			**EDELSBERG LAW, P.A.**
			Scott Edelsberg, Esq.
			Florida Bar No. 0100537
			scott@edelsberglaw.com
			Jordan D. Utanski, Esq.
			Florida Bar. No. 119432
			utanski@edelsberglaw.com
			2875 NE 191st Street, Suite 703
			Aventura, FL 33180
			Tel: (305) 975-3320

			**SHAMIS & GENTILE, P.A.**
			Andrew J. Shamis, Esq.
			Florida Bar No. 101754
			ashamis@shamisgentile.com
			14 NE 1st Avenue, Suite 1205
			Miami, Florida 33132
			Tel: (305) 479-2299
			Fax: (786) 623-0915

			*Counsel for Plaintiff*